UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Case No. <u>10-21034-JSD</u> |
| SEA ISLAND COMPANY, *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Judge John S. Dalis |
| | ) | |
| | ) | |
| KINGS POINT PROPERTY | ) | |
| OWNERS ASSOCIATION, INC. | ) | Adv. Proc. No._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEA ISLAND COMPANY, | ) | |
| SEA ISLAND COASTAL | ) | |
| PROPERTIES, LLC, ROBERT | ) | |
| BARNETT, as the Liquidation Trustee | ) | |
| Under the Sea Island Company Creditors | ) | |
| Liquidation Trust, and SEA ISLAND | ) | |
| ACQUISITION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT FOR REFORMATION OF DEED**

Pursuant to O.C.G.A. § 23-2-25 and Fed. R. Bankr. P. 7001 *et. seq.*, Plaintiff Kings Point Property Owners Association, Inc. (hereinafter "Kings Point POA") files this Petition for Reformation of Deed representing to the Court as follows:

### I. PARTIES, JURISDICTION, AND PROCEDURAL HISTORY

1.

Plaintiff Kings Point POA is a non-profit corporation organized under the laws of the State of Georgia created pursuant to the Compilation of Restrictions, Covenants, Conditions,

1

Limitations, Reservations, Easements, Rights and Privileges Relating to King's Point recorded in the real estate records of Glynn County, Georgia as provided herein.

2.

Debtor Sea Island Company is a domestic corporation organized and existing under the laws of the State of Georgia.

3.

Debtor Sea Island Coastal Properties, LLC is a domestic limited liability company formed and existing under the laws of the State of Georgia.

4.

On August 10, 2010, Debtor Sea Island Company and Debtor Sea Island Coastal Properties, LLC, as well as Sea Island Services, Inc., First Sea Island, LLC, Sea Island Apparel, LLC, Sea Island Resort Residences, LLC, and SICAL, LLC (hereinafter "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5.

As of December 15, 2010, the Debtors and the Liquidation Trustee entered into the "Trust Agreement Sea Island Company Creditor Liquidation Trust" [Bankr. Docket No. 449-1] (the "Trust Agreement").

6.

Robert H. Barnett is the duly appointed Liquidation Trustee under the Sea Island Company Liquidation Trust.

7.

Sea Island Acquisition, LLC is a foreign limited liability company formed and existing under the laws of Delaware which is authorized to conduct business in the State of Georgia.

8.

This is an adversary proceeding filed pursuant to Fed. R. Bankr. P. 7001 *et. seq.* This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. Moreover, this Court "may grant such equitable relief as is permissible under principles recognized by state law." Dunaway v. Clark, 536 F. Supp. 664, 670 (S.D. Ga. 1982).

9.

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1409(a).

## II. BACKGROUND INFORMATION

10.

In or around 1999, Debtor Sea Island Company was "the owner of certain real property on St. Simons Island, Glynn County, Georgia, known as King's Point, as shown on a plat by Robert N. Shupe, Georgia Registered Land Surveyor Number 2224 dated June 8, 1999, and recorded in the office of the Clerk of Superior Court of Glynn County Georgia in Pat Drawer 25, Map Numbers 170, 170-A and 170-B." *See* Bankr. Docket No. 1176-3, p. 1.

11.

Beginning in or before 1999, Debtor Sea Island Company began to develop a thirty-five (35) lot residential subdivision in St. Simons Island, Glynn County, Georgia commonly known as King's Point Subdivision. *See* Bankr. Docket No. 1176-3, p. 2.

12.

In or around August, 1999, Debtor Sea Island Company recorded a plat of survey dated June 8, 1999 entitled "FINAL PLAT FOR: KING'S POINT" (hereinafter the "Final Plat") for King's Point Subdivision at Plat Drawer 25, Pages 170, 170A, and 170B in the office of the

Clerk of the Superior Court, Glynn County (hereinafter "Plat" or "Final Plat"). *See* Bankr. Docket No. 1176-3.

13.

The Final Plat shows all of the residential lots in the King's Point Subdivision, as well as identifies streets and other areas in the King's Point Subdivision which are designated on the Final Plat as common areas (hereinafter collectively the "Common Areas"). *See* Bankr. Docket No. 1176-3.

14.

In or around August, 1999, Debtor Sea Island Company recorded the Compilation of Restrictions, Covenants, Conditions, Limitations, Reservations, Easements, Rights and Privileges Relating to King's Point (as amended from time to time, the "Covenants and Restrictions" or "Declaration") in the real estate records of Glynn County, Georgia. A true and correct copy of the Covenants and Restrictions is attached hereto as **Exhibit "A."**

15.

All of the residential lots and the Common Areas reflected on the Final Plat in the King's Point Subdivision were subject to the Covenants and Restrictions. *See* Exhibit A.

16.

"Common Areas" are defined in the Covenants and Restrictions as "[a]ll such property and facilities owned or maintained by the Association, and now or hereinafter acquired, leased or controlled by the Association." *See* Exhibit A at p. 33.

17.

The Covenants and Restrictions provide, among other things, for the establishment of a property owners association, that is, Plaintiff Kings Point HOA "to own, maintain, and

4

administer certain areas in the Subdivision and to enforce and administer the covenants and restrictions imposed by the Declaration." *See* Exhibit A at p. 2.

18.

Pursuant to the Covenants and Restrictions, Kings Point POA is to "be responsible for the ownership, management and operation of the Common Areas [as such term is defined in the Covenants and Restrictions], the enforcement of the covenants and restrictions as set forth in this Declaration, and the performance of such other duties and services as the Board of Directors of the Association shall deem to be in the best interest of the members of the Association." *See* Exhibit A at p. 28 of 60.

19.

Pursuant to Section 1 of Article VIII of the Covenants and Restrictions, Debtor Sea Island Company covenanted and agreed: (a) to "convey fee simple title to the streets in the Subdivision which shall be Common Areas [as such term is defined in the Covenants and Restrictions]" to Plaintiff Kings Point HOA; and (b) reserved "the right and privilege of conveying to the Association any and all property or facilities which may be on the Plat or any subsequent plats of the Subdivision." *See* Exhibit A at p. 33.

20.

By deed of conveyance dated August 31, 1999, Debtor Sea Island Company conveyed all of its right, title, and interest in King's Point Subdivision, as well as its obligations under the Covenants and Restrictions to Debtor Sea Island Parcels, LLC. A true and correct copy of the August 31, 1999 Deed from Debtor Sea Island Company to Debtor Sea Island Parcels LLC is attached hereto and made a part hereof as **Exhibit "B."**

21.

On or about September 1999, Debtor Sea Island Parcels, LLC merged into Debtor Sea Island Coastal Properties, LLC, which then became the holder of all right title and interest in the real property in the King's Point Subdivision as shown on the Final Plat, as well as obligor under the Covenants and Restrictions.

22.

Upon information and belief, Debtor Sea Island Company was the duly appointed manager of Debtor Sea Island Coastal Properties, LLC and had full authority to execute on behalf of Debtor Sea Island Coastal Properties, LLC in connection with the sale or conveyance of real property in the King's Point Subdivision.

23.

Upon information and belief, Debtor Sea Island Company's authority to act on behalf of Debtor Sea Island Coastal Properties, LLC included, but was not limited to, the preparation, review, and execution of deeds of conveyance and any and all other documents necessary for the conveyance of real property in King's Point Subdivision.

24.

Beginning in or around September 1999, Debtor Sea Island Coastal Properties, LLC began to convey lots in King's Point Subdivision to third party purchasers subject to the Covenants and Restrictions.

25.

Upon information and belief, all of the deeds conveying King's Point Subdivision lots from Debtor Sea Island Coastal Properties, LLC to the various third parties were executed by Debtor Sea Island Company as "manager" for Debtor Sea Island Coastal Properties, LLC.[1]

26.

Through a deed dated December 17, 2009 and recorded on December 18, 2009 in Deed Book 2670, Page 262, Official Records of the Clerk of the Superior Court of Glynn County, Georgia (previously defined as the "2009 Deed"), Debtor Sea Island Coastal Properties, LLC purported to convey "certain 'Common Areas' as defined in Article VIII, Section 1 of the Covenants and Restrictions to include streets and designated Common Areas which are shown and defined on the plat of survey of said subdivision" to Plaintiff Kings Point POA. A true and correct copy of the 2009 Deed from Debtor Sea Island Company to Plaintiff Kings Point POA is attached hereto as **Exhibit "C."**

27.

As had been the case with the other conveyances of property reflected on the Final Plat for the Kings Point Subdivision by Debtor Sea Island Coastal Properties, LLC, Debtor Sea Island Company executed the 2009 Deed as "Manager" for Debtor Sea Island Coastal Properties, LLC. *See* Exhibit C.

28.

The 2009 Deed, however, mistakenly referenced Debtor Sea Island Company, and not Debtor Sea Island Coastal Properties, LLC in the body of the Deed. *See* Exhibit C.

---

[1] One exception is the deed of conveyance filed at Deed Book 617 page 523, where Debtor Sea Island Company was incorrectly named as the grantor First Party. This mistake was ratified by deed of correction filed at Deed Book 642 Page 077 naming Debtor Sea Island Coastal Properties, LLC as grantor First Party. Said deed of correction was executed by Debtor Sea Island Company as manager for Debtor Sea Island Coastal Properties, LLC.

7

29.

Debtor Sea Island Company did not own the property referenced in the 2009 Deed or the Common Elements on December 17 or 18, 2009.

30.

Debtor Sea Island Coastal Properties, LLC owned the property referenced in the 2009 Deed and the Common Elements on December 17 and 18, 2009.

31.

On August 10, 2010, Debtor Sea Island Company and Debtor Sea Island Coastal Properties LLC, as well as Sea Island Services, Inc., First Sea Island, LLC, Sea Island Apparel, LLC, Sea Island Resort Residences, LLC, and SICAL, LLC (hereinafter "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

32.

On or about as of October 19, 2010, Defendant Sea Island Acquisition entered into the Asset Purchase Agreement with Sea Island Company, Sea Island Coastal Properties LLC, Sea Island Resort Residences, LLC, First Sea Island, LLC, Sea Island Apparel, LLC and Sea Island Services, Inc. for the sale and transfer of all of substantially all of Debtors' assets (hereinafter the "Asset Purchase Agreement"). *See* Bankr. Docket No. 293.

33.

Robert H. Barnett, in his capacity as the Liquidation Trustee under the Sea Island Liquidation Trust has asserted a claim to the Common Areas of King's Point Subdivision, and has taken the position that the Common Areas have vested in the Liquidation Trust free and clear of all liens and encumbrances, including without limitation the Covenants and Restrictions (the "Liquidation Trustee's Allegations").

34.

On March 4, 2016, this Court ruled against the Liquidation Trustee with respect to the Liquidation Trustee's Allegations through entry of its Opinion and Order on Sea Island Acquisition's Motion to Clarify at Docket No. 1494. The Liquidation Trustee has appealed such order, and such appeal remains pending.

### III. CAUSES OF ACTION

### COUNT I: EQUITABLE REFORMATION OF THE 2009 DEED PURUSANT TO O.C.G.A. § 23-2-25

35.

Plaintiff Kings Point POA incorporates all preceding paragraphs as if fully restated herein.

36.

O.C.G.A. § 23-2-25 provides "[i]f the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto."

37.

Debtor Sea Island Coastal Properties, LLC is the successor in interest to Debtor Sea Island Company as the developer "Company" in the Covenants and Restrictions.

38.

Pursuant to Section 1 of Article VIII of the Covenants and Restrictions, Debtor Sea Island Coastal Properties, LLC, as successor in interest to Debtor Sea Island Company, covenanted and was obligated to convey the Common Areas to Plaintiff Kings Point POA.

39.

By the 2009 Deed, Debtor Sea Island Coastal Properties, LLC purported to convey "certain 'Common Areas' as defined in Article VIII, Section 1 of the Covenants and Restrictions to include streets and designated Common Areas which are shown and defined on the plat of survey of said subdivision" to Plaintiff Kings Point POA.

40.

Debtor Sea Island Company executed the 2009 Deed as manager for Debtor Sea Island Coastal Properties, LLC.

41.

It was the express intent of Debtor Sea Island Coastal Properties, LLC and Plaintiff Kings Point POA that "certain 'Common Areas' as defined in Article VIII, Section 1 of the Covenants and Restrictions to include streets and designated Common Areas which are shown and defined on the plat of survey of said subdivision" be conveyed from Debtor Sea Island Coastal Properties, LLC to Plaintiff Kings Point POA by and through the 2009 Deed.

42.

By the mutual mistake of Debtor Sea Island Coastal Properties, LLC and Plaintiff Kings Point POA, the 2009 Deed incorrectly named Debtor Sea Island Company, not Debtor Sea Island Coastal Properties, LLC as the conveying party.

43.

Neither Plaintiff Kings Point POA nor Debtor Sea Island Coastal Properties, LLC were aware of the error in the 2009 Deed.

44.

Due to the mutual mistake Debtor Sea Island Coastal Properties, LLC and Plaintiff Kings Point POA, the 2009 Deed was not effective and did not transfer any property to Kings Point POA.

45.

Due to the mutual mistake Debtor Sea Island Coastal Properties, LLC and Plaintiff Kings Point POA, the Common Areas of King's Point Subdivision remain vested in Debtor Sea Island Coastal Properties, LLC.

46.

As a matter of equity and justice, the 2009 Deed should be reformed to conform to the intent of Debtor Sea Island Coastal Properties, LLC and Plaintiff Kings Point POA by providing that Debtor Sea Island Coastal Properties, LLC conveyed all the right title and interest to the Common Areas of King's Point Subdivision to Plaintiff Kings Point POA.

47.

Title to the Common Areas should be transferred, conveyed, and decreed to be in Plaintiff Kings Point POA, absolute, and in fee simple, and absent reformation, Plaintiff Kings Point POA has no other adequate remedy at law.

WHEREFORE, the Plaintiff prays:

a) That Summons and Process issue and be served upon Defendants requiring them to answer this Complaint as provided by law;

b) That the December 17, 2009 that was recorded with the Superior Court of Glynn County on December 18, 2009 in Deed Book 2670, Page 262-264 be reformed so as to conform with the intention of the parties and to provide that Debtor Sea Island Coastal Properties, LLC

conveyed all the right title and interest to the Common Areas of King's Point Subdivision to Plaintiff Kings Point POA;

c) That the title to the Common Areas be transferred, conveyed, and decreed to be vested in Plaintiff Kings Point POA, absolute, and in fee simple;

d) That the Plaintiff Kings Point POA have such other and further relief as this Court deems just and proper.

Respectfully submitted, this 12th day of December, 2016.

ROBERTS TATE, LLC

/s/ Jason M. Tate
Jason M. Tate
Georgia Bar No. 140827
jtate@robertstate.com
P.O. Box 21828
St. Simons Island, Georgia 31522
(912) 638-5200
(912) 638-5300 – Fax

-and-

MCGUIREWOODS LLP

/s/ Thomas R. Walker
Thomas R. Walker
Georgia Bar No. 732755
1230 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30309
(404) 443-5705 [direct dial]
(404) 443-5763 [direct fax]
trwalker@mcguirewoods.com

*Co-Counsel for Kings Point Property Owners Association, Inc.*